IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In Re:** | : |
| | : |
| **Procedures To Govern Mediation Of** | : |
| **Appeals From The United States** | : |
| **Bankruptcy Court For This District.** | : |

**O R D E R**

WHEREAS, this Court has jurisdiction to hear appeals from the Bankruptcy Court for this District, 28 U.S.C. § 158;

WHEREAS, the Judges of this Court have determined that, in order to more efficiently and expeditiously administer justice and assist the parties to amicably resolve the disputes which are the subject of appeals before the Court, it is appropriate and necessary for there to be mandatory mediation of all appeals to this Court from the Bankruptcy Court;

NOW THEREFORE, this 23rd day of July, 2004, it is hereby ordered that the following mandatory mediation procedures shall apply to all appeals to this Court from the Bankruptcy Court:

1.  Appellate Mediation Panel

    (a)  The Judges of the Court shall designate a panel of mediators who meet the criteria contained in 1(b) (the "Appellate Mediation Panel" or "Panel"). Panel members will serve at the pleasure of the Judges of this Court.

    (b)  Persons seeking to be members of the Panel must submit a letter requesting same. Said letter should state the regular hourly rate charged by that person and be accompanied by a Curriculum Vitae which demonstrates the person's experience, competence and acceptability to serve on the Panel.

    (c)  Following selection, the mediator's relationship is solely with the parties to the appeal, except that mediators are subject to certain reporting requirements to the Judges and Clerk of this Court.

2. Referral to Panel

Appeals in bankruptcy cases shall be referred to the Appellate Mediation Panel to facilitate settlement or otherwise to assist in the expeditious handling of the appeal. The Clerk of this Court shall establish and manage the Appellate Mediation Panel. Mediations will be conducted by members of the Panel. In all cases, the Clerk will assign the matter to a mediator on a rotating basis.

3. Initial Submissions to Mediator And Deferral of Briefing

The Clerk will provide the mediator with a copy of the judgment or order on appeal, any opinion or memorandum issued by the Bankruptcy Court, any relevant motions, and all statements by the parties of the issues to be presented on appeal.

Briefing shall be deferred during the pendency of mediation unless the Court determines otherwise. A referral to mediation, however, shall not defer or extend the time for ordering any necessary transcripts.

If a case is not resolved through mediation, it will proceed through the appellate process as if mediation had not been considered or initiated.

4. Referral of Pending Appeals to Mediation

At any time during an appeal pending as of the date of this order, the assigned Judge may refer the appeal to the Panel for mediation. The procedures set forth in paragraph 5 below are applicable to matters referred for mediation pursuant to this paragraph unless otherwise directed by the mediator. Documents, including but not limited to those specified in paragraph 5(a), may be required.

5. Proceedings After Selection of the Mediator

(a) Submission of Position Papers and Documents

Within fifteen (15) days after the selection of the mediator, each counsel shall prepare and submit to the mediator a confidential position paper of no more than ten (10) pages, stating counsel's views on the key facts and legal issues in the case, as well as on key factors relating to settlement. The position paper will include a statement of motions filed in this Court and their status. Copies of position papers submitted by the parties directly to the mediator should not be served upon opposing counsel. Documents prepared for mediation sessions are not to be filed with the Clerk's Office and are not to be of record in the case.

(b) Mediation Sessions

The mediator will notify the parties of the time, date, and place of the mediation session and whether it will be conducted in person or telephonically. Unless the

mediator directs otherwise, mediation sessions must be attended by the senior lawyer for each party responsible for the appeal and by the person or persons with actual authority to negotiate a settlement of the case. If settlement is not reached at the initial mediation session, but the mediator believes further mediation sessions or discussions would be productive, the mediator may conduct additional mediation sessions in person or telephonically.

(c) <u>Confidentiality of Mediation Proceedings</u>

The mediator shall not disclose to anyone statements made or information developed during the mediation process. The attorneys and other persons attending the mediation are likewise prohibited from disclosing statements made or information developed during the mediation process to anyone other than clients, principals or co-counsel, and then, only upon receiving due assurances that the recipients will honor the confidentiality of the information. Similarly, the parties are prohibited from using any information obtained as a result of the mediation process as a basis for any motion or argument to any court. The mediation proceedings shall be considered compromise negotiations under Rule 408 of the Federal Rules of Evidence. Notwithstanding the foregoing, the bare fact that a settlement has been reached as a result of mediation shall not be considered confidential.

(d) <u>Settlement</u>

No party shall be bound by statements or actions at a mediation session unless a settlement is reached. If a settlement is reached, the agreement shall be reduced to writing and shall be binding upon all parties to the agreement, and counsel shall file a stipulation of dismissal of the appeal. Such a stipulation must be filed within thirty (30) days after settlement is reached.

(e) <u>Fees of the Mediator</u>

One-half of the mediator's fees shall be paid by the appellant(s) and one-half of such fees shall be paid by the appellee(s).

FOR THE COURT:

    Sue L. Robinson
SUE L. ROBINSON
CHIEF JUDGE