TAB 4

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement"), effective as of January 15, 2006 is entered into by and between The Reclamation Creditors' Trust (the "RCT"), Dean Foods Company, inclusive of all of its affiliated entities set forth on Exhibit C to this Agreement (collectively sometimes referred to herein as "Dean Foods") and Bay Valley Foods, LLC, as successor in interest to Dean Specialty Foods Group, LLC ("Bay Valley"). Dean Foods and Bay Valley are collectively referred to as the "Dean Foods Reclamation Creditors." The RCT and the Dean Foods Reclamation Creditors are sometimes collectively referred to herein as the "Parties."

### Recitals

This Agreement is made in reliance upon the following representations which are true and correct and are incorporated into, and made a substantive part of, this Agreement.

A. On April 1, 2003, the Debtors[1] filed voluntary petitions under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B. The Debtors' bankruptcy cases (the "Bankruptcy Cases") are jointly administered under the caption, *In re Fleming Companies, Inc., et al.*, Chapter 11 Case No. 03-10945 (MFW).

C. In connection with the identification of reclamation claims that were being, or might be, asserted against the Debtors, pursuant to Section 546(c) of the Bankruptcy Code, the

---

[1] The Debtors are the following entities: Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark International, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; FAVAR Concepts, Ltd.; Fleming Foods Management Co., L.L.C., Fleming Foods of Texas, L.P.; Fleming International Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

Debtors prepared that certain Reclamation Claim Summary by Claimant of the Debtors dated November 21, 2003.

D. The Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code (as amended by the Confirmation Order, and including the Plan Supplement, the "Plan")[2] was confirmed by an Order entered on July 27, 2004 (the "Confirmation Order").

E. Pursuant to the Plan (Article V.H.), the RCT was formed to administer certain post-confirmation responsibilities under the Plan including, but not limited to, the pursuit and collection of the RCT Assets and payment of all Reclamation Liabilities, including Reclamation Claims.

F. Pursuant to the Plan (Article X.A.), beginning November 22, 2004, the RCT has exclusive authority to, inter alia, settle and resolve all Reclamation Liabilities, including Reclamation Claims, without approval of the Bankruptcy Court. In addition, pursuant to the Plan (Article VI.A.), the RCT has the exclusive right and authority to resolve and settle all RCT Assets, including Causes of Action against the Reclamation Creditors assigned to the RCT pursuant to the Plan.

G. The Parties desire to resolve and settle all Reclamation Liabilities of the RCT to the Dean Foods Reclamation Creditors, and to resolve and settle all Causes of Action of the RCT, including all other RCT Assets, that could be asserted against the Dean Foods Reclamation Creditors.

---

[2] All capitalized terms not otherwise defined in this Agreement shall have the meanings ascribed to them in the Plan.

2

H. The Debtors filed Complaints against Dean Foods Company (Adversary Proceeding No. 04-51904), Dean Specialty Foods Group, LLC, the predecessor in interest to Bay Valley (Adversary Proceeding No. 04-51916), and Morningstar Foods, Inc. (Adversary Proceeding No. 04-51910) in the Bankruptcy Court, to which the RCT has been substituted as Plaintiff, asserting claims that, pursuant to the Plan, are now RCT Assets.

I. In addition, the Post-Confirmation Trust (the "PCT") filed Complaints against Dean Foods asserting claims that are RCT Assets. The adversary proceedings initiated by those Complaints are described as follows by named defendant and adversary proceeding number:

- Morningstar East - Adversary Proceeding No. 05-79113,
- Mountain High Yogurt - Adversary Proceeding No. 05-76492,
- Rod's Food Products - Adversary Proceeding No. 05-75178,
- Southwest Ice Cream Specialties - Adversary Proceeding No. 05-76547,
- Berkeley Farms - Adversary Proceeding No. 05-76598,
- Creamland Dairies, Inc. - Adversary Proceeding No. 05-76685,
- Gandy's Dairies, Inc. - Adversary Proceeding No. 05-75181,
- Morningstar Foods, LLC - Adversary Proceeding No. 05-76479,
- Southern Foods Group, L.P. - Adversary Proceeding No. 05-79101,
- Foremost Dairy - Adversary Proceeding No. 05-79101

J. Dean Foods and Bay Valley are parties to a separate agreement resolving any claims between and among them regarding the subjects of this Agreement, including (but not limited to) the portion or allocation of any claims fixed and determined hereunder that may belong to Bay Valley.

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Parties agree as follows:

1.  The Parties agree and stipulate for purposes of this Agreement as follows:

(a)  The Net Non-TLV Reclamation Claim of the Dean Foods Reclamation Creditors is $1,887,084 and the Dean Foods Reclamation Creditors' allocable share of the Pre-Petition Non-TLV Reclamation Claim Reduction is $306,651.

(b)  The RCT asserts that the Dean Foods Reclamation Creditors have liability to the RCT for post-petition Debit Memos in the amount of $657,371 (Debit Memos are allowances, reductions and credits of various types which, as a matter of ordinary course between the Debtors and Reclamation Creditors, were applied as reductions to open invoices typically effected by a deduction in payment by the Debtors but sometimes effected through a cash payment from Reclamation Creditors to the Debtors).

(c)  As a result of netting postpetition invoices against excess payments ("Overwires"), the RCT asserts that the Dean Foods Reclamation Creditors owe the RCT $1,095,202 (an Overwire is a duplicative payment made by any non-Core-Mark Debtors postpetition).

(d)  The RCT asserts that the Dean Foods Reclamation Creditors have preference liability to the RCT pursuant to Section 547 of the Bankruptcy Code in the amount of $260,802.

2.  The Parties agree and stipulate for purposes of this Agreement that based upon the computation of the stipulated amounts due to and from the Dean Foods Reclamation Creditors and the RCT respectively, the Dean Foods Reclamation Creditors have net liability due to the RCT in the amount of $432,942 (the "Net Liability").

3.  The Net Liability owed by the Dean Foods Reclamation Creditors to the RCT shall be paid by Dean Foods to the RCT by wire transfer or check contemporaneously with the execution and delivery of this Agreement (including the execution and delivery of any Exhibits

4

hereto) and no later than (7) business days following receipt by Dean Foods of this Agreement as executed by the RCT and Bay Valley. Wire transfer and document/check delivery instructions are:

WIRES TO:   Bank of America (Fleet Bank)
            355 Madison Ave.
            Morristown, NJ 07960
            ABA 026009593
            Account :Reclamation Creditors Trust of Fleming Companies
            Acct. No.: 94881 13711

DOCUMENTS AND CHECKS[3] TO:   DLA Piper Rudnick Gray Cary US LLP
                              Attention: Janice L. Duban
                              203 North La Salle Street
                              Chicago, IL 60601-1293
                              Telephone: 312-368-7097
                              Facsimile: 312-630-5383
                              Email: janice.duban@dlapiper.com

The RCT agrees to return to each of the Dean Foods Reclamation Creditors a countersigned copy of this Agreement, a countersigned and filed copy of the stipulation regarding the Dean Foods Reclamation Creditors' Allowed General Unsecured Claim (the "Dean Foods GUC") (see Exhibit A, attached), and a filed copy of the stipulation dismissing with prejudice any lawsuit(s) filed against the Dean Foods Reclamation Creditors (see Exhibit B, attached).

4.   The amount of the Dean Foods GUC for which the RCT shall use its best efforts to seek allowance is $3,598,073, which includes $260,802 for the Dean Foods Reclamation Creditors' preference liability pursuant to this Agreement and Section 502(h) of the Bankruptcy Code. The resolution to be sought by the RCT regarding the Dean Foods GUC does not include any General Unsecured Claim filed by any entity not identified in Exhibits "C" hereto, including

---

[3]   CHECKS SHOULD BE MADE PAYABLE TO "RECLAMATION CREDITORS' TRUST"

White Wave, Inc. ("White Wave") and its proof of claim referenced in the claims register as Claim No. 12438.

5. Notwithstanding any other provision herein, the Dean Foods Reclamation Creditors preserve all rights to have an Allowed General Unsecured Claim, or an increased Dean Foods GUC, as the case may be, to include their allocated amount of the Pre-Petition Non-TLV Reclamation Claim Reduction (such amount to be reduced by the amount of any cash payment made in respect thereof by the RCT, whether from RCT Assets or distributions to the RCT from the PCT). In addition, notwithstanding the foregoing, the RCT affirms its obligations, pursuant to the Plan, to apply available RCT proceeds, net of actual and projected administration expenses, to payment of the Pre-Petition Non-TLV Reclamation Claim Reduction but only after satisfaction of all Reclamation Claims and repayment to Core-Mark of advances, if any, made under the TLV Guaranty or Non-TLV Guaranty. Any such distributions shall be made by check payable to Dean Foods Company and delivered to its designated contact person indicated in Paragraph 27, below, or as otherwise indicated by Dean Foods in writing.

6. If, and to the extent, any part of the DSD Trust Claims asserted by the Dean Foods Reclamation Creditors are disallowed (collectively, the "Disallowed DSD Trust Claim"), the Dean Foods Reclamation Creditors may, at their own expense, seek Class 6(A) Allowed General Unsecured Claim treatment for the Disallowed DSD Trust Claim by filing a motion with the Bankruptcy Court for such allowance. The RCT, in its sole discretion, reserves the right to object to such treatment.

7. Except for any obligations of the Dean Foods Reclamation Creditors (either individually or collectively) set forth herein, the RCT, to the full extent of RCT Assets, but not further, for itself and its successors and assigns, hereby waives, releases and forever discharges the Dean Foods Reclamation Creditors and all of their current, former and future directors,

partners, members, officers, agents, employees, assigns, attorneys, predecessors and successors (the "Reclamation Creditor Released Parties") from any and all claims, obligations, demands, actions, causes of action and liabilities of whatever kind and nature, character and description whether known or unknown, fixed or contingent, concealed or hidden, anticipated or unanticipated which the RCT ever had, now has or may in the future have against the Reclamation Creditor Released Parties (collectively, the "RCT Claims"). Except for any obligations as set forth herein, the RCT (a) stipulates that the consideration being provided by the Dean Foods Reclamation Creditors under this Agreement is in full and complete satisfaction of the RCT Claims and (b) warrants that it is not entitled to and shall not seek any recovery on account of the RCT Claims from any other person or entity.

8. Except for any obligations of the RCT set forth herein, the Dean Foods Reclamation Creditors, for themselves and their successors and assigns, hereby waive, release and forever discharge the RCT and all of its current, former and future directors, partners, members, officers, agents, employees, assigns, attorneys, predecessors and successors (the "RCT Released Parties") from any and all claims, obligations, demands, actions, causes of action and liabilities of whatever kind and nature, character and description whether known or unknown, fixed or contingent, concealed or hidden, anticipated or unanticipated which the Dean Foods Reclamation Creditors ever had, now have or may have against the RCT Released Parties which constitute, arise out of, or relate to any of the Reclamation Liabilities (the "Dean Foods Reclamation Claims"). Except for any obligations as set forth herein, the Dean Foods Reclamation Creditors (a) stipulate that the consideration being provided by the RCT under this Agreement is in full and complete satisfaction of the Dean Foods Reclamation Claims and (b) warrants that they are not entitled to and shall not seek any recovery on account of the Dean

Foods Reclamation Claims from any other person or entity, except as expressly provided under this Agreement.

9. Notwithstanding any other provision herein, the Dean Foods Reclamation Creditors agree to and shall hold harmless, defend and indemnify the RCT from and against any and all loss, liability, cost and expense, including but not limited to reasonable attorneys' fees and costs, arising out of or in connection any dispute or claim by any other entity that is the assignee or transferee of any Dean Foods Reclamation Claim or the Dean Foods GUC (each of which is referred to as a "Dean Claim Holder"), against the RCT as to the subject matter of this Agreement, including, without limitation, any claim by a Dean Claim Holder regarding the rightful ownership of any Dean Foods Reclamation Claim or Dean Foods GUC being paid or released hereby. The Dean Foods Reclamation Creditors shall promptly notify the RCT in accordance with paragraph 27 below of any claim or demand for which the RCT is indemnified hereunder. If the Dean Foods Reclamation Creditors have not promptly assumed the defense of any such claim or demand, the RCT may defend against any such claim or demand and any and all costs and expenses, including but not limited to reasonable attorneys' fees and costs, shall be the responsibility of the Dean Foods Reclamation Creditors.

10. The Dean Foods Reclamation Creditors represent and warrant that they (a) are the sole and current owner of the Net Reclamation Claim and any other claim in connection with any Reclamation Liabilities related to the Dean Foods Reclamation Creditors, and that none of such claims has been assigned, sold or transferred in any way to any other party; and (b) are the sole and current owner of the Dean Foods GUC and/or have obtained the requisite authority to enter into this Agreement from any Dean Claims Holder.

11. The RCT represents and warrants that it is the sole and current owner of the RCT Assets, including any Cause of Action against the Dean Foods Reclamation Creditors, and

represents and warrants that none of such claims have been assigned, sold or transferred in any way to any other party.

~~12.   The Parties represent and warrant that each has the legal right and authority to~~ enter into this Agreement and to exchange the consideration and assume performance of the duties set forth herein.

13.   The RCT represents and warrants that it shall diligently seek to obtain approval of the Bankruptcy Court to substitute itself for the PCT in all pending actions brought by the PCT against any of the Dean Foods Reclamation Creditors involving claims that are RCT Assets (excepting actions in which the RCT has already been substituted for the PCT). Without exception, however, the RCT shall have no obligation to intervene or take any action with respect to claims brought by the PCT in that certain litigation currently pending before the United States District Court for the Eastern District of Texas, styled and referenced as <u>Post Confirmation Trust v. Digital Exchange, Inc., et al.</u>, Cause No. 5:05-cv-00165-TJW, or in any related litigation involving claims by the PCT against officers, directors, employees or agents of the Dean Foods Reclamation Creditors.

14.   The Parties covenant and agree not to bring any action, claim, litigation or other proceeding against the other, directly or indirectly, regarding or relating to the matters released and otherwise resolved hereby, and further covenant and agree that this Agreement is a bar to any such action, claim, litigation or other proceeding.

15.   The Parties will cooperate fully and will execute and deliver any and all supplementary papers, documents, instruments and other assurances, and shall do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

16. This Agreement shall be governed by the laws of the state of Delaware and the Bankruptcy Code.

~~17. The Bankruptcy Court shall have exclusive jurisdiction to determine as a core~~ proceeding any dispute or controversy with respect to the interpretation or enforcement of this Agreement.

18. This Agreement contains the entire agreement between the Parties with respect to the matters covered by this Agreement, and no promise or understanding or representation made by any Party or agent, director, officer, employee or attorney of any Party that is not expressly contained in this Agreement shall be binding or valid.

19. This Agreement may not be modified, amended, or supplemented by the Parties except in accordance with further order of the Bankruptcy Court or by a written agreement that all of the Parties have signed. A waiver of any provision of this Agreement will not constitute a waiver of any other provision of this Agreement.

20. In case any provision of this Agreement shall be determined to be invalid, illegal or unenforceable for any reason, the remaining provisions and portions of this Agreement shall be unaffected and unimpaired thereby, and shall remain in full force and effect, to the fullest extent permitted by applicable law.

21. All representations, warranties, agreements, covenants and obligations made by the Parties herein are material, shall be deemed to have been relied upon by the other Party, and shall continue.

22. This Agreement does not constitute a contract for the benefit of any third parties, any prior creditors or claimants of the Parties, or any nonparty, except for entities and individuals specifically released herein.

23. This Agreement is intended to settle and dispose of claims, which are contested and denied. Nothing herein shall be construed as an admission by the Parties of any liability of ~~any kind.~~

24. Each Party acknowledges and agrees that it has given careful thought to this Agreement, has reviewed or has had the opportunity to review this Agreement independently with legal counsel of its choice, and/or has the requisite experience and sophistication to understand, interpret and agree to the particular language of the provisions in this Agreement.

25. The Parties may execute this Agreement in one or more counterparts, each of which constitutes an original, and all of which constitute one and the same Agreement. A facsimile or any other copy of this Agreement executed by the Parties, whether complete or in counterparts, will constitute sufficient evidence of the executed original of this Agreement for all purposes.

26. Unless the context requires otherwise, singular nouns and pronouns used in this Agreement shall be deemed to include the plural, and pronouns of one gender shall be deemed to include the equivalent pronoun of the other gender. In the event of an ambiguity in, or controversy or claim arising out of, or relating to the interpretation, application, or enforcement of this Agreement, the Parties agree that no one will resolve any ambiguity in, or controversy or claim arising out of, or relating to, interpretation, application, or enforcement of this Agreement by any rule providing for interpretation against the Party who causes the ambiguity to exist or against the draftsman.

27. All notices, demands, and other communications hereunder shall be in writing and shall be deemed to have been duly given: (a) when personally delivered; (b) upon receipt during normal business hours, or otherwise on the first business day thereafter, if transmitted by facsimile with confirmation of receipt; (c) when received, if mailed by certified mail, return

11

A    174

receipt requested, postage prepaid; or (d) when received, if sent by overnight courier; in each case, to the following addresses, or to such other addresses as a Party may from time to time specify by notice to the other Party given pursuant hereto.

If to the RCT, to:

DLA Piper Rudnick Gray Cary US LLP
Attention: Janice L. Duban
203 North La Salle Street
Chicago, IL 60601-1293
Telephone: 312-368-7097
Facsimile: 312-630-5383
E-mail: janice.duban@dlapiper.com

With a copy to:

J. H. Cohn LLP
Attention: Bernard A. Katz
333 Thornall Street, 6th Floor
Edison, NJ 08837
Telephone: 732-549-0700
Facsimile: 732-549-7016
E-mail: bkatz@jhcohn.com

If to the Dean Foods Reclamation Creditors, to:

Munsch Hardt Kopf & Harr, P.C.
Attention: Mark H. Ralston
3800 Lincoln Plaza
500 N. Akard St.
Dallas, TX 75201
Telephone: 214-855-7513
E-mail: mralston@munsch.com

With a copy to:

Dean Foods Company
Attention: Alex D. Madrazo
2515 McKinney Avenue
Suite 1200
Dallas, Texas 75201-4659
Telephone: 214-303-3431
E-mail: Alex_Madrazo@deanfoods.com

*[signature page follows]*

IN WITNESS WHEREOF, the Parties have signed this Agreement as of the date first listed above.

RECLAMATION CREDITORS' TRUST

By: _____
Name: Bernard A. Katz
Title: Reclamation Creditors' Trust Representative

DEAN FOODS COMPANY, ON ITS OWN
BEHALF AND ON BEHALF OF ALL
ENTITIES SET FORTH ON EXHIBIT C
HERETO

By: _____
Name: Alex D. Madrazo
Title: Authorized Signatory

BAY VALLEY FOODS, LLC, AS SUCCESSOR
IN INTEREST TO DEAN SPECIALTY FOODS
GROUP, LLC

By: _____
Name: Greg Lewandowski
Title: Authorized Signatory/Officer

13

(Exhibit C to Settlement Agreement)

1. Morningstar Foods, LLC
2. Morningstar Foods, Inc.
3. Dean Illinois Dairies, LLC
4. Verifine Dairy Products Corporation of Sheboygan, Inc.
5. Tuscan/Lehigh Dairies, Inc.
6. Reiter Dairy of Akron, Inc.
7. Fairmont Dairy, LLC
8. Dean Diary Products Company
9. Meadow Brook Dairy Company
10. Reiter Dairy of Springfield, LLC
11. Midwest Ice Cream Company
12. Dean Foods North Central, Inc.
13. Land-O-Sun Dairies, LLC
14. Mayfield Dairy Farms, Inc.
15. T.G. Lee Foods, Inc.
16. Broughton Foods, LLC
17. Country Delite Farms, LLC
18. Barber Milk, Inc.
19. Southern Foods Group, L.P.
20. Berkeley Farms, Inc.
21. Creamland Dairies, Inc., d/b/a Price's Creameries
22. Gandy's Dairies, Inc.
23. Dean Specialty Foods Group, LLC
24. Dean Northeast, LLC
25. Dean Northeast II, LLC

(Exhibit C to Settlement Agreement)

26. Dean Midwest, LLC
27. Dean Midwest II, LLC
28. Dean Southeast, LLC
29. Dean Southeast II, LLC
30. Dean Southwest I, LLC
31. Dean Southwest II, LLC
32. SFG Management, Limited Liability Company
33. Southern Foods Holdings
34. Suiza Dairy Group, Inc. f/k/a Suiza Dairy Group, L.P.
35. Dean Dairy Holdings, LLC
36. Suiza Dairy Group Holdings, Inc.
37. Dean Management Corporation
38. Dean Holding Company