IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al. | ) | Case No. 03-10945 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| —————————————————— | ) | |
| Dean Foods Company, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-835-SLR |
| | ) | |
| Post Confirmation Trust, | ) | |
| | ) | |
| Appellee. | ) | |

**REPLY BRIEF OF APPELLANT DEAN FOODS COMPANY**

Dated: November 1, 2006
Wilmington, Delaware

THE BAYARD FIRM
Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
222 Delaware Avenue
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

- and -

MUNSCH HARDT KOPF & HARR, P.C.
Mark H. Ralston, Esq.
Texas Bar No. 16489460
4000 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4365

COUNSEL FOR DEAN FOOD COMPANY

## TABLE OF CONTENTS

I. SYNOPSIS ................................................................................................................ 1

II. DISCUSSION ........................................................................................................... 2

    A. The PCT and the Bankruptcy Court's Interpretation of the Plan is Flawed Because it is Premised on the Incorrect Proposition that the Claims Against Dean Foods are Distinct from the Claims Against Robinson. .................................................................................................... 2

    B. The Plain Meaning of the Plan Establishes that the DF E&O Claims are "Indirect" Claims Against Dean Foods. ............................................. 4

    C. The Alleged Concerns of the PCT are Without Basis. ................................ 5

    D. Under Either an Abuse of Discretion or De Novo Standard of Review, the Bankruptcy Court's Order Should be Reversed. ....................... 6

# TABLE OF AUTHORITIES

**CASES**

*Day v. Volkswagenwerk Aktiengesellschaft,*
    464 A.2d 1313 (Pa. Super. Ct. 1983) ................................................................................2

*National Gypsum Co. v. Prostok,*
    2000 WL 1499345 (N.D.Tex.) ...........................................................................................7

*Russell v. SunAmerica Securities, Inc.,*
    962 F.2d 1169 (5th Cir. 1992) ...........................................................................................2

*Turner v. Crawford Square Apts. III, L.P.,*
    449 F.3d 542 (3rd Cir. 2006) ............................................................................................2

**OTHER AUTHORITIES**

Black's Law Dictionary ...........................................................................................................2

# I. <u>SYNOPSIS</u>[1]

The claims asserted by the PCT (which are meritless) in the Texas Action against John Robinson (the "<u>DF E&O Claims</u>") are both (or either) direct and indirect claims against Dean Foods. Thus, those claims belong to the RCT and not the PCT.

The PCT's argument to the contrary is wrong for two fundamental reasons. First, because the DF E&O Claims arise from alleged wrongful conduct committed by Robinson in his capacity as an officer of Dean Foods, the exact same claims lie against Dean Foods. Stated slightly differently, there are not two sets of claims – only one set upon which recovery may potentially be had against two different parties. Therefore, because the DF E&O Claims lie against Dean Foods, the claims are RCT Assets. Second, the PCT's interpretation of what constitutes an "indirect" claim is contrary to both the plain meaning of the Plan's terms and ignores the fact that the PCT itself asserts an indirect right of recovery against Dean Foods on the in its Complaint.

Also, the PCT misconstrues Dean Foods' position to create a straw-man argument under which that the PCT alleges that it would to be divested of significant claims against the Fleming Companies' former officers (the "Fleming Officers") and its former auditor, Deloitte & Touche LLP ("<u>Deloitte</u>"). The PCT's alleged concern is baseless and a work of fiction. The PCT's claims against the Fleming Officers and Deloitte are distinct from the claims asserted against Robinson. Thus, those claims are not claims against a Reclamation Creditor and are not RCT Assets. And the claims against the Fleming Officers and Deloitte are not indirect claims against a Reclamation Creditor because (among other things) there has been no allegation raised by anyone (other than the PCT) on this point.

---

[1]   Unless otherwise defined herein, all capitalized terms shall have the same meaning as defined in the Opening Brief filed by Dean Foods Company ("<u>Dean Foods</u>").

Under either an abuse of discretion or a de novo standard of review, the Bankruptcy Court erred and its decision with respect to the claim ownership issue should be reversed.

## II. DISCUSSION

A.  **The PCT and the Bankruptcy Court's Interpretation of the Plan is Flawed Because it is Premised on the Incorrect Proposition that the Claims Against Dean Foods are Distinct from the Claims Against Robinson.**

To understand how the Plan assigns claims and causes of action to either the RCT or the PCT, it is necessary to first understand how those intangible assets are classified. The Plan does so through the defined term "Cause of Action". The Plan's definitional provision for "Cause of Action" contains an extensive list of the types of actions and claims that are encompassed within the term.[2] The legal term for which the definitional term is named, "cause of action" is defined by Black's Law Dictionary as "[A] group of operating facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another."[3]

The unity of the DF E&O Claims is also established by the fact that Dean Foods and Robinson, as master-servant, act in privity. As such, claims for which Dean Foods may be held vicariously liable through Robinson do not constitute separate claims from those against Robinson. Rather, "in such cases there is, in an important sense, a single claim."[4]

The DF E&O Claims are *not* distinct. All of the DF E&O Claims arise from the same exact factual situation in which Robinson is alleged to have acted on behalf of Dean Foods. This

---

[2] *See Plan* at Art I.B.36., 4.
[3] *Black's Law Dictionary* 182 (Abridged 8th ed. 2006)
[4] *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313; 1317-18 (Pa. Super. Ct. 1983) (citing *Restatement (Second) Judgments* § 51). *Accord Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 549 (3rd Cir. 2006). *See also Russell v. v. SunAmerica Securities, Inc.*, 962 F.2d 1169; 1175 (5th Cir. 1992) (*citing Restatement (Second) Judgments* § 51 in the context of the application of res judicata in master-servant cases).

is clear from the PCT's Complaint. In the four-paragraph section of the Complaint that the PCT devotes to the DF E&O Claims, the PCT consistently equates Robinson's alleged actions to Dean Foods, commencing every declaratory allegation with "Dean Foods and Robinson". In short, the PCT never distinguishes Robinson's alleged actions from those of his employer and the same operative facts upon which the PCT seeks recovery against Robinson would also (according to the PCT) provide grounds for recovery against Dean Foods.

Dean Foods does not contest that under Texas law an employee may be held independently liability for torts committed in the scope of the employee's duties to the employer. That law, establishing joint and several liability regarding torts committed by an individual acting for the individual's employer, does not transform a single claim against two parties into two separate claims. The law merely provides that liability on the claims may rest with both the employee and the employer.

The Plan is consistent with that premise. In dividing assets between the PCT and RCT, the Plan avoids duel assignments of "Causes of Action" belonging to the Fleming Companies and their bankruptcy estates. Article V.H.2. of the Plan describes all assets assigned to the RCT.[5] Those "RCT Assets" include all "Causes of Action" lying against "Reclamation Creditors".[6] Article V.G.3. of the Plan describes the assets assigned to the PCT. That provision states:

> The PCT Assets do not include any RCT Assets. Subject to the preceding exclusion of all RCT Assets, the PCT Assets shall consist of all of the following assets of the Debtors: [*followed by a "laundry list" of particular assets assigned to the PCT*].[7]

Towards the conclusion of the provision describing PCT Assets, the Plan reiterates that "the PCT Assets do not include ... any of the RCT Assets."[8] Thus, the Plan carves out any RCT

---

[5]   *See Plan* Art. V.H.2., 28.
[6]   *Id.*
[7]   *See Plan* Art. V.G.3., 25-26.

3

Assets from the body of PCT Assets and thereby avoids duplicative assignments of the same assets. Included in that carve-out are Causes of Action against Reclamation Creditors. The Plan simply vests all Causes of Action involving a Reclamation Creditor with the RCT, even if non-Reclamation Creditors may also be liable on those claims. In so doing, it avoids the problems inherent is splitting claims between the RCT and the PCT. Even though Robinson is not a Reclamation Creditor, because the DF E&O Claims lie against such a creditor – Dean Foods – the DF E&O Claims are properly categorized as RCT Assets.

B.  **The Plain Meaning of the Plan Establishes that the DF E&O Claims are "Indirect" Claims Against Dean Foods.**

In its Opening Brief, Dean Foods has addressed why its interpretation of the defined term "Cause of Action" includes claims that are recoverable indirectly through an intermediate party. The PCT tries to distinguish on technical grounds the case-law examples provided by Dean Foods in which the term "indirect claim" has been used to refer to claims that would be recoverable through an intermediate party (here, through Robinson against Dean Foods). The fact remains that the term "indirect claim" is commonly understood to mean a claim that is recoverable indirectly through an intermediate party. Consequently, Dean Foods' interpretation of the term "indirect" does afford that term its plain meaning and is consistent with the context in which that term is used in the Plan's "Cause of Action" definitional provision.

The PCT cannot credibly deny that it is looking to recover against Dean Foods because it has asserted otherwise in its Complaint. The PCT asserts, as a distinct count, as follows:

COUNT VI

Course and Scope of Employment, Liability of Agent

---

[8]    *Id.*

> 120. Each of the Vendor Officer Defendants [which includes Robinson] was acting within the course and scope of their employment as officers, agents or employees of the Vendors [which includes Dean Foods] that employed them. *The Vendors are, therefore, responsible to indemnify the Vendor Officer Defendants for any damages they are compelled to pay to the PCT as a result of its recovery in this action.*[9]

Dean Foods does not contest the independent liability that an employee may have for committing a tort. The PCT's reliance on this well-established point of law is not relevant. What is relevant is that, according to the PCT itself, Dean Foods has a duty to indemnify Robinson on the DF E&O Claims. Dean Foods does not deny that responsibility. If Dean Food's undisputed indemnification obligations do not establish that the PCT's actions constitute an attempt to recover indirectly from Dean Foods (or its insurers), the word "indirect" as contained in the Plan's "Cause of Action" definitional provision would be left without any real meaning.

### C. The Alleged Concerns of the PCT are Without Basis.

At hearing below and in its Answering Brief, the PCT describes an ominous scenario in which Dean Food's position causes the PCT to be divested of the claims it has asserted (and has already settled) against the Fleming Officers and Deloitte. The PCT's hypothetical concerns are ill-founded and completely distinguishable from the issue here. First, the claims or "Causes of Action" against the Fleming Officers and D&T are not the same claims as the DF E&O Claims.

A review of the Complaint makes this fact clear. For example, the claims asserted by the PCT against Deloitte involve Deloitte's alleged accounting malpractice in auditing the entirety of the Fleming Companies' operations for the years 2000 through 2002.[10] Contrast those claims

---

[9] *See Complaint* at ¶¶ 120, 46-47.
[10] *See Complaint* at ¶¶ 44-55, 9-16.

with the claims asserted by the PCT against Robinson involving payments made by Dean Foods to the Fleming Companies (and not the other way around) in the first quarter of 2002.[11]

Even if a particular claim against a Fleming Officer or Deloitte could constitute an RCT Asset, that determination would not extinguish the claim, but merely require the RCT to pursue it (or, if the RCT so determined, to assign it to the PCT).[12] The PCT may believe that the assignment of claims involving Reclamation Creditors is unfair when those claims also lie against non-Reclamation Creditors, but that interpretation is consistent with the terms of the Plan and avoids the judicial and practical issues described in Dean Foods' Opening Brief.

Also, it is notable that the Plan provides for the turnover by the RCT of surplus funds to the PCT.[13] In fact, on August 18, 2006, the RCT filed its final report indicating that it was turning over surplus funds to the PCT in excess of $7 million.[14] Thus, the PCT has obtained a benefit from actions taken by the RCT against third-parties.

**D.     Under Either an Abuse of Discretion or De Novo Standard of Review, the Bankruptcy Court's Order Should be Reversed.**

Dean Foods does not contest that in other federal jurisdictions, district and appeal courts have adopted an abuse of discretion standard in reviewing bankruptcy court decisions interpreting bankruptcy plans confirmed by that same bankruptcy court. The Third Circuit, however, has yet to render an opinion on that issue. Furthermore, the rationale offered by courts which have adopted the abuse of discretion standard does not stand up to scrutiny. Among other things, the abuse of discretion standard of review is inconsistent with the positions taken by the

---

[11]     *See Complaint* at ¶¶ 82-84, 29-30.
[12]     The Plan expressly contemplates the possibility that the RCT might wish to assign certain litigation claims over to the PCT. In the provision describing PCT Assets, the Plan includes in such assets "any assets of the RCT referred or assigned to the PCT whether vendor deductions, preference claims or otherwise (on terms that have been mutually agreed upon by the RCT and the PCT)". *See Plan* at Art. V.G.3.(h), 26.
[13]     *See Plan* at Art. X.F.5., 44-45.
[14]     *See Second and Final Status Report*, filed by the RCT on August 18, 2006 [D.E. 12226].

parties that the operative provisions of the Plan are unambiguous.[15] As such, de novo review does not require the District Court (sitting as an appellate court) to second-guess factual determinations made by the Bankruptcy Court.

Even if the abuse of discretion standard is applicable to this matter, the Bankruptcy Court's Order is still subject to reversal. As described above, the Order effectively ignores the mechanism by which the Plan assigns all claims against Reclamation Creditors to the RCT, regardless of whether those same claims may lie against non-Reclamation Creditors.

Accordingly, for the reasons set forth in its Opening Brief and herein, Dean Foods requests that the Bankruptcy Court's Order be reversed and that this District Court enter an order determining that the DF E&O Clams asserted against Robinson are RCT Assets.

Dated: November 1, 2006

THE BAYARD FIRM

By: _____
Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
222 Delaware Avenue
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

- and -

MUNSCH HARDT KOPF & HARR, P.C.
Mark H. Ralston, Esq.
Texas Bar No. 16489460
4000 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4365

COUNSEL FOR DEAN FOOD COMPANY

---

[15] *See National Gypsum Co. v. Prostok*, 2000 WL 1499345 (N.D.Tex.) (reviewing and reversing the Bankruptcy Court's interpretation of the confirmed terms of a bankruptcy plan as an unambiguous contract subject to de novo review).